IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cr-05040-01-MDH |
| | ) | |
| DARREN EUGENE SCHAEFER, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) and Part B (the "zero-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 39). The government has filed a response stating the Court should deny Defendant's motion because he is ineligible for a reduction in sentence. (Doc. 42).

Following a guilty plea, defendant was convicted of use of a communication facility to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The Court calculated a total offense level 36, a criminal history score 0, a criminal history category I, and an advisory guidelines range of 188 to 235 months. The Court imposed a sentence of 180 months' imprisonment, a downward variance from the calculated Sentencing Guidelines range.

As stated by the government: in general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 819-22.

The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.* § 1B1.10(a)(2)(B). Even if the guidelines range does change, a court may not reduce a defendant's sentence below the amended range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

In 2023, the Sentencing Commission also added a new § 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level if the defendant received zero criminal history points and, among other criteria, "the instant offense of conviction is not a sex offense," where "sex offense" is defined to include "an offense, perpetrated against a minor" under "chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual." See U.S.S.G.§ 4C1.1(a)(1), (a)(5), (b)(2). This amendment became effective for newly sentenced defendants on November 1, 2023, and became retroactive for previously sentenced defendants on February 1, 2024.

Defendant is not eligible for relief under the new § 4C1.1 because the instant offense is a "sex offense" under "chapter 117 of title 18," that is a violation other than transmitting information about a minor or filing a factual statement about an alien individual." See U.S.S.G. § 4C1.1(a)(5), (b)(2). As a result, Amendment 821 does not apply to defendant, and he is, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

2

Case 3:14-cr-05040-MDH   Document 44   Filed 06/27/24   Page 2 of 3

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: June 27, 2024  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**